# NO. 12-08-00010-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANDEVRON PARCHMAN,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

A jury convicted Appellant Andevron Parchman of the offense of sexual assault of a child. After a punishment hearing, the trial court assessed Appellant's punishment at imprisonment for twenty years and a $10,000.00 fine. In his first issue presented, Appellant complains the State failed to disclose evidence favorable to the defense. In his second issue, Appellant claims the evidence is legally and factually insufficient to support his conviction. We affirm.

## BACKGROUND

Appellant and Korwin Jones were friends, shared an apartment at the Town Park Apartments in Tyler, and worked together at McDonald's. M.J., the complainant, age fifteen, had slipped out of her father's house to spend the night at Appellant and Korwin's apartment. Korwin was M.J.'s boyfriend. Appellant left his shift early at McDonald's around midnight, November 20, 2006, and returned to the apartment with his girlfriend, Cortney Fuller, and his manager, Christopher Stroner. M.J. was alone in the apartment at the time. The group, including M.J., smoked marijuana and played dominoes for several hours. M.J. went to bed high from the marijuana. Sometime later, she awoke to find someone on her back having sexual relations with her. When she determined it was Appellant on top of her, she attempted to push him off, but Appellant kept pushing her back down. The next morning she told Appellant's girlfriend, Cortney Fuller, that she thought Appellant had raped her.

When Korwin completed his shift the next morning, he returned to find M.J. in his bedroom crying. She told Korwin that Appellant had raped her. Korwin confronted Appellant who initially denied the accusation, although he later admitted it and attempted to apologize to Korwin. Korwin then took M.J. to meet her mother and the police. They were sent to the hospital where M.J. underwent a sexual assault examination. Vaginal and anal swabs were made, and laboratory analysis disclosed that the swabs contained semen. DNA analysis comparing the vaginal swab of the complainant with the buccal swab of Appellant confirmed that, in all reasonable probability, Appellant was the contributor of the sperm.

Although he did not witness the assault, Korwin Jones was an important witness for the State. Korwin's testimony at both stages of the trial was damaging to the defense.

Six months after trial, the prosecutor sent a letter to Appellant's attorney in this appeal, which, in its pertinent part, reads as follows:

> Subsequent to the trial of Mr. Parchman, I began to prepare for trial in his other case, 007-1966-07. In that case, the victim alleges that Mr. Parchman held her down while his co-defendant, VonKendrick White sexually assaulted her. During the course of my continuing investigation, I learned of a third possible sexual assault victim of Mr. Parchman named Jamesia Butler.
>
> Ms. Butler was an absconder from the juvenile authorities at the time. Once she was located and detained at the juvenile facility, I and my court partner, Amanda Dillon, went to the facility to interview Ms. Butler in the presence of her attorney, Sarah Maynard. During the course of the interview, Ms. Butler told us that, when she was in the ninth grade, your client, VonKendrick White, and Korwin Jerrod Jones had sex with her. She said that each of them took turns having sex with her while the others held her down so that she could not resist. Ms. Butler also described another incident involving all three of the above mentioned men where the victim was held down so that they could take turns having sex with her. In addition, she advised us that several other girls had been sexually assaulted by one or the other of these men. She couldn't say that all of these men participated in those assaults at the same time.
>
> Obviously, all of the foregoing relies on the credibility of Ms. Butler. Except as to the sexual assault of Ms. Butler by Mr. Parchman, I have no evidence at this time to corroborate her statements. Furthermore, I am not quite convinced that, even if the foregoing is true, that it would be Brady material. Nevertheless, I am sending you this letter out of the abundance of caution. A copy of this letter will be faxed to Mr. O.W. Lloyd, Mr. Parchman's present trial counsel in 007-1966-07.

### FAILURE TO DISCLOSE EXCULPATORY EVIDENCE

In his first issue, Appellant maintains that the State did not disclose "exculpatory evidence regarding a material State's witness in this case."

**Applicable Law**

The failure by the prosecution to disclose evidence favorable to the accused can result in a violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the due course of law provision in article I, section XIX of the Texas Constitution.[1] ***Thomas v. State***, 841 S.W.2d 399, 403 (Tex. Crim. App. 1992); ***Ex parte Adams***, 768 S.W.2d 281, 293 (Tex. Crim. App. 1989). "Favorable evidence is any evidence that, if disclosed and used effectively, may make the difference between conviction and acquittal." ***Little v. State***, 991 S.W.2d 864, 866 (Tex. Crim. App. 1999). Favorable evidence includes both exculpatory evidence and impeachment evidence. ***United States v. Bagley***, 473 U.S. 667, 676, 105 S. Ct. 3375, 3380, 87 L. Ed. 2d 481 (1985); ***Thomas***, 841 S.W.2d at 403. The three part test used to determine if a prosecutor's actions have violated due process asks "whether the prosecutor 1) failed to disclose evidence, 2) favorable to the accused, and 3) the evidence is material, meaning there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." ***Little***, 991 S.W.2d at 866. Due process does not require the state to disclose exculpatory information that it does not have and of whose existence it has no knowledge. ***Hafdahl v. State***, 805 S.W.2d 396, 399 n.3 (Tex. Crim. App. 1990), *overruled on other grounds*, ***Madden v. State***, 799 S.W.2d 683, 686 n.3 (Tex. Crim. App. 1990). The state is under no duty to seek out exculpatory evidence independently available to the defendant from other sources. ***Harm v. State***, 183 S.W.3d 403, 407 (Tex. Crim. App. 2006). The state's duty to reveal evidence favorable to the defense attaches when the information comes into the state's possession. ***Id.***

**Discussion**

Appellant contends that if Jamesia Butler's accusations had been disclosed to him before the trial, the information could have been used to impeach Korwin Jones.

Appellant has failed to show compliance with any part of the ***Little*** three part test necessary to establish that the prosecutor's conduct violated due process. First, there is no showing that the State failed to disclose evidence. The record shows that the State had no knowledge of Jamesia Butler's accusations until after Appellant's trial. The State is not required to disclose exculpatory information "that the State does not have in its possession and that is not known to exist." ***Hofdahl***, 805 S.W.2d at 399 n.3. If Jamesia Butler's allegation that Appellant and Korwin Jones sexually

---

[1] We assume for purposes of this opinion that the Due Process Clause of the Fourteenth Amendment and the due course of law provision in the Texas Constitution provide the same protection.

assaulted her is true, Appellant obviously knew of the crime before the State. The State is not under any duty to seek out exculpatory evidence independently available to the defendant from other sources. *Harm*, 183 S.W.3d at 407; *Jackson v. State*, 552 S.W.2d 798, 804 (Tex. Crim. App. 1976).

Secondly, Jamesia Butler's bare accusations could not have been used to impeach Jones. Texas Rule of Evidence 608 limits the introduction of evidence regarding the character of a witness. "Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of a crime as provided in Rule 609, may not be inquired into on cross–examination of the witness nor proved by extrinsic evidence." TEX. R. EVID. 608(b). However, even if the evidence were allowed, it is difficult to imagine how an allegation that Appellant had participated in at least two other sexual assaults on young girls could have helped Appellant.

Finally, even if the evidence of Jamesia Butler's accusations had been discovered, disclosed, and admissible, it would not have altered the outcome of Appellant's trial. The victim identified Appellant as the person who sexually assaulted her, and the DNA evidence confirmed that Appellant caused the penetration of the sexual organ of a fifteen year old child. The State did not violate Appellant's right to due process by withholding evidence favorable to the defense. Appellant's first issue is overruled.

### INSUFFICIENCY OF THE EVIDENCE

In his second issue, Appellant contends that the evidence is both legally and factually insufficient to support his conviction.

### Standard of Review and Applicable Law

The standard for reviewing a legal sufficiency challenge is whether, viewing the evidence in the light most favorable to the jury's verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 317-18, 99 S. Ct. 2781, 2788-89, 61 L. Ed. 2d 560 (1979); *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). In reviewing factual sufficiency, we must ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt, although adequate, if taken alone, is greatly outweighed by contrary proof. *Watson v. State*, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006). Reconciliation of any conflict in the evidence is within the exclusive province of the jury. *Losada v. State*, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986).

4

A person commits an offense if the person intentionally or knowingly causes the penetration of the anus or female sexual organ of a child by any means.  TEX. PENAL CODE ANN. § 22.011(a)(2)(A) (Vernon Supp. 2008).  "Child" means a person younger than seventeen years of age who is not the spouse of the actor.  TEX. PENAL CODE ANN. § 22.011(c)(1) (Vernon Supp. 2008).

**Discussion**

M.J., the complainant, testified that she was fifteen at the time of the offense.  She told that early on the morning of November 21, 2006, she awoke to find Appellant on her back with his penis in her vagina.  She tried to get up, but Appellant kept pushing her down.  At the time of the assault, only Appellant and his girlfriend, Cortney Fuller, were in the apartment with her.  The next morning M.J. told her boyfriend, Korwin Jones, and Cortney Fuller that she thought she had been raped.  Korwin told the jury that Appellant admitted to him that he had sexual relations with M.J.  DNA evidence confirmed this.

Appellant contends that the evidence is factually insufficient because Cortney Fuller heard nothing at the time of the assault.  But Cortney Fuller testified that she was probably asleep at the time.  Appellant also stresses that the morning after the offense, the complainant could say only that she thought she had been raped because she was so high on marijuana when it allegedly happened.

The evidence of Appellant's guilt is overwhelming.  Measured against the appropriate standards of review, the evidence is both legally and factually sufficient to support his conviction.  Appellant's second issue is overruled.

<u>DISPOSITION</u>

The judgment of the trial court is affirmed.

  **BILL BASS**  
Justice

Opinion delivered April 15, 2009.
*Panel consisted of Worthen, C J., Hoyle, J., and Bass, Retired Justice,*
*Twelfth Court of Appeals, Tyler, sitting by assignment.*
(DO NOT PUBLISH)

5